AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Albert Simpson III | ) | 3:26-mj – 1193-JBT |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 23, 2026 _____ in the county of _____ Duval _____ in the
__ Middle __ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1) (A)(viii) | Possession with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine |

This criminal complaint is based on these facts:

See attached.

☑ Continued on the attached sheet.

_____
Complainant's signature

Evan Skeldon, Special Agent, DEA
_____
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: __5/11/26__

_____
Judge's signature

City and state: _____ Jacksonville, FL _____

Joel B. Toomey
_____
Printed name and title

## AFFIDAVIT

I, Evan Skeldon, a Special Agent (SA) with the Drug Enforcement Administration (DEA), being duly sworn, do hereby depose and state as follows:

### BACKGROUND OF AFFIANT

1.     I am an SA with the DEA, and as such, I am empowered under 21 U.S.C. § 878 and other criminal laws of the United States to make arrests, and obtain and execute search, seizure, and arrest warrants. I have been an SA with DEA since 2019. Prior to joining DEA, I was a Probation and Parole Officer with Florida Department of Corrections.

2.     As part of my official duties, I investigate civil and criminal violations of the Controlled Substances Act, Title 21 of the United States Code, as well as violations of Title 18 of the United States Code. During the course of my career in law enforcement, I have participated in numerous drug trafficking and firearms investigations, conducted electronic surveillance, and spoken with defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances and firearms trafficking. In furtherance of my investigations, I have used numerous investigative techniques, including undercover transactions, controlled purchases, and been granted federal and state search warrants.

### REQUESTED CRIMINAL COMPLAINT

3.     This affidavit is submitted in support of a criminal complaint and arrest warrant charging ALBERT SIMPSON III with a violation of 21 U.S.C. §§ 841(a)(1)

1

and (b)(1)(A)(viii), possession with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine.

4.    The statements set forth in this affidavit are based upon my training and experience, consultation with other experienced investigators, agents, and other sources of information related to this and other investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and arrest warrant and does not purport to set forth all of my knowledge or the entirety of the facts of this investigation.

## PROBABLE CAUSE

5.    I am a member of a High Intensity Drug Trafficking Area (HIDTA) Task Force in Jacksonville, Florida, which is investigating SIMPSON as a distributor of fentanyl and methamphetamine. This investigation was initiated in spring 2026. As described below, the investigation revealed SIMPSON resides at 6775 Jack Horner Lane, Jacksonville, Florida, and that SIMPSON utilizes his residence to store and sell controlled substances.

6.    I have reviewed SIMPSON's criminal history via the National Crime Information Center (NCIC) and learned that he is a convicted felon. On January 18, 2005, SIMPSON was arrested for Burglary with Assault or Battery; Prior Conviction of Battery and Commit 2nd Subsequent Battery; Touch or Strike; Kidnap-False Imprisonment; and Kidnap-False Imprisonment of Child 13 Years Old or Younger. SIMPSON was sentenced to prison for a term of six years and three months. Florida

Department of Corrections (DOC) records reveal that SIMPSON was in Florida DOC custody from August 1, 2007, and was released from custody on October 4, 2010.

7.     On April 17, 2026, U.S. Magistrate Judge Patricia D. Barksdale issued a search and seizure warrant for SIMPSON's residence.  *See* Case No. 3:26-mj-1170-PDB.

8.     On April 23, 2026, DEA agents executed the search warrant at SIMPSON's residence. SIMPSON was present when other investigators and I arrived at his home.  He was the only person present the residence. During the search that followed, multiple items of evidentiary value were recovered. In a cabinet in the living room, agents recovered a large bag containing suspected methamphetamine. In the bathroom closet, there was a safe, which contained a large amount of suspected fentanyl and methamphetamine. There were additional smaller amounts of suspected methamphetamine and fentanyl located in a kitchen cabinet. In addition to the seized drugs, agents also found scales and baggies, which are often used by drug traffickers to weigh out and distribute drugs. There was also a .22 caliber rifle located in the living room along with 20 rounds of .223 ammunition, 11 rounds of .50 caliber ammunition, and 37 rounds of .40 caliber ammunition.

9.     The suspected methamphetamine and fentanyl were field tested by me and SA Scott Cloudy with positive results for both substances. The total amount of fentanyl was weighed and was approximately 756.2 gross grams.[1] The total amount of

---

[1] "Gross grams" is the total weight of the substance, plus packaging and the DEA's self-sealing evidence envelope.

3

methamphetamine was weighed and found to weigh approximately 2,053.8 gross grams. These substances will be sent to the DEA laboratory for testing.

## Conclusion

10.    Based upon the aforementioned information, events, and my training and experience, there is probable cause to believe that SIMPSON has committed a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), possession with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine on or about April 23, 2026, within the Middle District of Florida. Therefore, I respectfully request the issuance of a criminal complaint charging SIMPSON for these violations.

Respectfully submitted,

Evan Skeldon, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me telephonically, on this _/_ day of May 2026, in Jacksonville, Florida.

JOEL B. TOOMEY
United States Magistrate Judge

4